```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEMITRIUS HILL,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           08-CV-1045 (JS)(AKT)

RICHARD P. DONOGHUE, A.U.S.A.,
SARAH M. COYNE, A.U.S.A., UNITED
STATES OF AMERICA,

                    Defendants.
----------------------------------X
```

APPEARANCES:
For Plaintiff:      Demitrius Hill, Pro Se
                    68133-053
                    U.S.P. McCreary
                    P.O. Box 3000
                    Pine Knot, Kentucky 42635

For Defendants:     Diane C. Leonardo-Beckmann, Esq.
                    United States Attorneys Office
                    610 Federal Plaza
                    Central Islip, NY 11722

SEYBERT, District Judge:

Plaintiff Demitrius Hill ("Plaintiff"), proceeding pro se, commenced this action on March 7, 2008, alleging violations of his constitutional rights pursuant to Title III of the Ominbus Crime Control and Safe Streets Act of 1968, as amended (the "Wiretap Act" or "Title III"), 18 U.S.C. §§ 2510-2522, Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the Fourth and the Fourteenth Amendments of the United States Constitution, and the New York State Constitution and statutory

provisions.  Pending before the Court are Plaintiff's two motions[1] seeking a declaratory judgment, preventing the warden of his institution from interfering with his legal mail.  For the reasons that follow, Plaintiff's motions are DENIED.

BACKGROUND

For a complete recitation of the facts, see the Court's August 14, 2009 Order.

DISCUSSION

I. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff's motions should be denied because Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. Section 1997e ("PLRA").  (See Def.'s Mot. to Dismiss 1.)  The PLRA, which applies to "all prisoners seeking redress for prison circumstances or occurrences," requires that available administrative remedies be exhausted before a prisoner can bring an action under federal law.  Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 986, 152 L. Ed. 2d 12 (2002); see also 42 U.S.C. § 1997e(a); Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002).  "The Supreme Court has held that 'the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes . . . .'"  Macias v. Zenk, 495

---

[1] Both applications appear to be identical.

F.3d 37, 40 (2d Cir. 2007) (quoting Porter, 534 U.S. at 532). It is well-settled that this exhaustion requirement is mandatory and not within the discretion of the Court. Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); Porter, 534 U.S. at 520; Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004).

"[F]ailure to exhaust is an affirmative defense under the PLRA" that the defendant must plead and prove. Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007). Thus, a prisoner plaintiff may seek to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies. Hemphill v. State of N.Y., 380 F.3d 680, 686 (2d Cir. 2004).

In Hemphill, the Second Circuit set out a three-part inquiry to determine whether a prisoner's failure to exhaust administrative remedies should be excused. Id. "Depending on the inmate's explanation for the alleged failure to exhaust," a court should first consider whether administrative remedies were "available" to the plaintiff. Id.; see Abney, 380 F.3d at 668 ("A court may not dismiss for failure to exhaust administrative remedies unless it determines that such remedies are available.") (alterations and citations omitted). The test for assessing the availability of administrative remedies is "an objective one: that is, would a similarly situated individual of ordinary firmness have

deemed them available." Hemphill, 380 F.3d at 688 (citations and internal quotation marks omitted). Accordingly, courts have held that administrative remedies may not be available when prison officials engage in affirmative misconduct, such as threats or intimidation, to deter or impede a prisoner from filing a grievance. Id.; see, e.g., Gayle v. Benware, No. 08-CV-8017, 2009 WL 2223910, at *5 (S.D.N.Y. July 27, 2009); Hepworth v. Suffolk County, No. 02-CV-6473, 2006 WL 2844408, at *5 (E.D.N.Y. Sept. 29, 2006); see also Kellogg v. N.Y. State Dept. of Corr. Servs., No. 07-CV-2804, 2009 WL 2058560, at *3 (S.D.N.Y. July 15, 2009) (finding allegations that prison procedures were designed to prevent inmates from filing grievances raised a genuine issue as to whether administrative remedies were available to plaintiff).

Under the second inquiry of the Hemphill test, courts should consider whether the defendant has "forfeited the affirmative defense of non-exhaustion . . . ." Hemphill, 380 F.3d at 686. A defendant may forfeit the non-exhaustion defense "by failing to raise or preserve it," id. (citing Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004)), or if the defendant's own actions "inhibit[ed] the inmate's exhaustion of remedies." Id. (citing Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (holding that exhaustion defense may be estopped where defendants allegedly beat and threatened petitioner, and denied grievance forms and writing implements)).

4

Finally, if the Court finds that administrative remedies were available to the plaintiff, and that the defendant has not forfeited the non-exhaustion defense, the court should determine whether there are "special circumstances" that justify the prisoner's failure to comply with administrative procedures. Hemphill, 380 F.3d at 686 (citing Giano v. Goord, 380 F.3d 670, 676 (2d Cir. 2004)). Special circumstances include those where a plaintiff's "reasonable interpretation" of regulations regarding the grievance process leads him or her to believe that "the dispute is not grievable" or that his or her attempts to exhaust administrative remedies satisfied these regulations. Toomer v. County of Nassau, No. 07-CV-1495, 2009 WL 1269946, at *8 (E.D.N.Y. May 5, 2009); see also Giano, 380 F.3d at 676-77; Hemphill, 380 F.3d at 689-91.

In this case, Plaintiff fails to cite a single instance in which any member of the McCreary facility actually interfered with his legal mail or, more broadly, with his right of access to the courts. Additionally, even if there was an instance of such interference, Plaintiff does not tell the Court if and when he filed a grievance regarding these matters. Applying the three-prong Hemphill standard, the Court finds that administrative remedies were available to Plaintiff. While Plaintiff has in the past claimed that NCCC inmates have limited access grievance procedures (see Pl. Decl.

in Opp'n to Mot. for Dismiss. 2), he has not alleged that NCCC prison officials impeded or prevented him from filing a grievance. Finally, assuming Plaintiff failed to exhaust his administrative remedies by not filing a grievance, he offers no excuse for these failures. Accordingly, the Court concludes that administrative remedies were available to Plaintiff and his failure to exhaust should not be excused under the first prong of the Hemphill test. He is not entitled to the relief he seeks on this ground alone.

II. Plaintiff's Applications are not Properly Before this Court and Fail on the Merits

Even if Plaintiff had exhausted his administrative remedies, his current application is not properly before the Court; Plaintiff has not previously raised these issues in his Complaint, and is not seeking to amend his Complaint. Moreover, as Defendants correctly point out, Plaintiff's claims would fail on the merits:

> [T]o violate an inmate's right of access to the courts, a defendant's conduct must cause the inmate "actual injury," in that a legal action that he sought to pursue must have been "materially prejudiced" by the defendant's actions. Smith v. O'Connor, 901 F. Supp. 644, 649 (S.D.N.Y. 1995); see also Lewis v. Casey, 518 U.S. 343, 350, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (noting need to show "actual injury"); Key v. Fischer, No. 05-CV-10461, 2007 U.S. Dist. LEXIS 65901, at *10 (S.D.N.Y. Sept. 6, 2007), report and recommendation adopted by, 2007 U.S. Dist. LEXIS 72513 (S.D.N.Y. Sept. 28, 2007). Further, as a pleading matter, the inmate must lay out a description of the purportedly compromised underlying action in

6

> sufficient detail so that a court may "determine whether the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 415-16, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002); see Key, 2007 U.S. Dist. LEXIS 65901, at *11.

Schick v. Apker, No. 07-CV-5775, 2009 U.S. Dist. LEXIS 69132, at *27-30 (S.D.N.Y. Mar. 5, 2009).

In this case, Plaintiff has not plead that he was actually injured, nor has he pointed to a single instance in which he was denied access to his legal mail. In fact, Plaintiff only asks the Court to issue a warning to the warden of his institution to ensure that he is not denied access to his mail in the future. This the Court cannot and will not do. Accordingly, Plaintiff's motions are DENIED for this reason as well.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions are DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 30, 2010
       Central Islip, New York